UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN

MICHAEL MAXIE,

      Plaintiff,

v.

MODINEER CO., LLC, et al.,

      Defendants.
_____/

Case No. 1:25-cv-00224

Hon. Paul L. Maloney
U.S. District Judge

## REPORT AND RECOMMENDATION

### I. Introduction

*Pro se* Plaintiff Michael Maxie filed this complaint against Defendants Modineer Co., LLC; the Michigan Department of Labor and Economic Opportunity; Allmerica Financial Alliance Ins. Co.; Michael Lask; and Kelly Stockwell. (ECF No. 1.) Maxie alleges that this Court has jurisdiction over his claims based on diversity and because they arise under both federal law. Maxie alleges that he is a resident of Indiana and Defendants reside in either Michigan or Massachusetts. (*Id.*, PageID.1.)

Maxie alleges that on September 24, 2023, he injured his left foot while working for Defendant Modineer Co., LLC. (*Id.*, PageID.2.) Maxie says that the pain caused him to go to the hospital. (*Id.*) When he later reported to his supervisor that he had heel pain, his supervisor suggested a Doctor Scholl foot pad. (*Id.*) When his pain worsened by December 12, 2023, a supervisor sent him to an urgent care facility. (*Id.*)

Maxie says he made a Worker's Compensation claim, but it was denied. Maxie

says that he was terminated from his employment with Defendant Modineer Co., LLC, on July 3, 2024 "with restriction that the Plaintiff Michael Maxie injured his back." (*Id.*)  Maxie alleges that he was treated at the Urgent Care facility and was approved by Defendant Kelly Stockwell for two weeks of Physical Therapy. (*Id.*)  He says that he was released to return to work without restriction. (*Id.*)  He disputes this conclusion because he says he suffered pain in his foot and back, has arthritis, a bulging disc, and nerve damage. (*Id.*)

Maxie says that Hanover Insurance Company (Kelly Stockwell) denied his claim, because he wanted more Physical Therapy (PT). (*Id.*)  Maxie says that more PT is allowed under Michigan's Worker's Compensation Act, but he only received two weeks. (*Id.*)  Maxie says that Defendant Stockwell did not follow the independent medical evaluation doctor's instructions. (*Id.*)

Maxie alleges that he was on a foot-restriction and then terminated from his employment, that he was was denied Worker's Compensation benefits, denied procedural due process under the Fourteenth Amendment, and deprived of equal protection under the law.  Maxie says that Modineer Co., LLC, also retaliated against him because he filed a Worker's Compensation claim, and sent him home after telling him that his injury was not job related.

It appears that Maxie asserts that Modineer Co., LLC, then allowed him to return to work with a restriction, but "prior to May 20, 2024, the Modineer Co LLC Discriminated against me, because of my ADA." (*Id.*, PageID.4.)  Further, Maxie alleges that in November or December 2024, Modineer Co., LLC's attorney –

Defendant Michael Lask – missed a pretrial conference "and when ask for Summary Judgment by Default it was denied, and Jan, 28, 2025 Atty Michael Lask didn't appear again, and ask for Default." (*Id.*)  Plaintiff says that he should have been granted default judgment because Defendant attorney Lask failed to appear twice. (*Id.*)  Maxie requests damages of $100,000.00 from each Defendant.

Maxie was granted *in forma pauperis* status on February 28, 2025.  (ECF No. 5.)

## II.  Legal Standard

Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any action brought *in forma pauperis* if the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief.

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).  While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*  The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Although the plausibility standard is not equivalent to a

"probability requirement, . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556).

In addition, the Court must read Plaintiff's *pro se* complaint indulgently, see *Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

### III. Analysis

It appears that Plaintiff filed a Worker's Compensation claim, which was denied. The procedural status of this case is unclear. It is unclear if Maxie is trying to appeal the denial of his Worker's Compensation claim.[1] It is also unclear if Maxie has an ongoing state court action against Modineer Co., LLC's attorney due to his performance, or as Maxie describes it, his lack of performance in another proceeding involving Maxie's claim.

As a starting point, although Maxie names the Michigan Department of Labor and Economic Opportunity as a Defendant, he asserted no claims against this state agency. Even if he had asserted allegations against this state agency, his claim necessarily fails. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity, or Congress has expressly abrogated

---

[1] A Worker's Compensation dispute under Michigan law is first decided by a magistrate. Mich. Comp. Laws § 418.847. A decision of a magistrate may be reviewed by the appellate commission. Mich. Comp. Laws §§ 418.859 and 418.861a. The factual findings of the appellate commission "shall be conclusive." Mich. Comp. Laws §418.861a(14). Questions of law may be reviewed, if filed timely, in the Michigan Court of Appeals and then the Michigan Supreme Court. *Id.*

Eleventh Amendment immunity by statute. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In addition, the State of Michigan is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)).

Liberally construing the complaint, Plaintiff alleges that Defendants Modineer Co., LLC, Allmerica Financial Alliance Ins. Co., Kelly Stockwell, and Michael Lask violated the Due Process Clause and the Equal Protection Clause of the Fourteenth Amendment. Plaintiff has not alleged that these Defendants are state actors. "[T]he Fourteenth Amendment, which prohibits the states from denying federal constitutional rights and which guarantees due process, applies to acts of the states, not to acts of private persons or entities." *Rendell-Baker v. Kohn*, 457 U.S. 830, 837, 1982). In order for a private party's conduct to be under color of state law, it must be fairly attributable to the State. *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982). There must be a sufficiently close nexus between the State and the challenged action of the defendant so that the action of the latter may be fairly treated as that of the State itself. *Skelton v. Pri-Cor, Inc.*, 963 F.2d 100, 102 (6th Cir. 1991) (citing *Jackson v. Metro. Edison Co.*, 419 U.S. 345, 351 (1974)). Maxie has failed to allege

5

that Defendants Modineer Co., LLC, Allmerica Financial Alliance Ins. Co., Kelly Stockwell, and Michael Lask took any actions that can be considered fairly attributable to the State. In the opinion of the undersigned, Maxie's Fourteenth Amendment claims should be dismissed.

Similarly, Maxie has failed to assert plausible claims against Defendants Allmerica Financial Alliance Ins. Co. or adjuster Kelly Stockwell. It appears that Maxie is claiming that he should have been approved for PT beyond just two weeks. However, Maxie failed to assert any plausible claim against these Defendants. Maxie simply failed to factually develop his claim or set forth allegations as to how these Defendants may have violated his legal rights.

Maxie's claims against attorney Lask succumbs to the same fate. Maxie alleges that attorney Lask represented Modineer Co., LLC, in some other proceeding, but attorney Lask failed to appear twice. Maxie claims that he should have received default judgment. But even if that is the case, filing a lawsuit against an opposing party's attorney for failing to appear at two hearings does not state a claim upon which relief may be granted.

What remains is Maxie's claims against Modineer Co., LLC. It appears that Maxie is asserting that Modineer Co., LLC, retaliated against Maxie by terminating his employment after Maxie filed a Worker's Compensation claim and violated his ADA rights by failing to accommodate his injury. "The Michigan Worker's Disability Compensation Act, Mich. Comp. Laws § 418.301(11), prohibits an employer from discriminating against an employee for filing a Worker's Compensation claim." *Vise*

6

*v. Graphic Packaging*, 833 F. Supp. 2d 743, 748 (W.D. Mich. 2011). To assert a prima facie case of retaliatory discharge a Plaintiff must show that: (1) he asserted a right to Worker's Compensation benefits, (2) the defendant was aware of the asserted right, (3) the plaintiff suffered an adverse employment action, and (4) there was a causal connection between Plaintiff's assertion of a right to Worker's Compensation and the adverse employment action. *Id*. In the opinion of the undersigned, Plaintiff has asserted sufficient factual allegations on which to base a worker's compensation retaliation claim.

Maxie also alleges that Modineer Co., LLC, failed to accommodate him after he was provided with a "work with restriction by Dr. Welch" in violation of the Americans with Disabilities Act (ADA). (ECF No. 1, PageID.4.) "The ADA prohibits discrimination against a qualified individual based on disability. 42 U.S.C. § 12112(a). Disability discrimination includes a failure to make reasonable accommodations. 42 U.S.C. § 12112(b)(5)(A), *Blanchet v. Charter Comm., LLC*, 27 F.4th 1221, 1227 (6th Cir. 2022). Liberally construing Maxie's complaint, it appears that he has alleged at least minimum facts that could state a plausible claim under the ADA.

### IV. Recommendation

The undersigned respectfully recommends that the Court dismiss the following Defendants:  the Michigan Department of Labor and Economic Opportunity; Allmerica Financial Alliance Ins. Co., LLC; Michael Lask; and Kelly Stockwell. In addition, it is recommended that Court dismiss Plaintiff's Fourteenth Amendment

claims.

At this stage, it is recommended that the Court allow Maxie to proceed on his Worker's Compensation retaliation claim and his ADA claim against Defendant Modineer Co., LLC.

Dated:  March 24, 2025  /s/ *Maarten Vermaat*
MAARTEN VERMAAT
U. S. MAGISTRATE JUDGE

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal.  *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).